11-1739-cv
R.S. & S.S. o/b/o A.S. v. Lakeland Cent. Sch. Dist.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street in the City of New York, on the 18ᵗʰ day of June, two thousand twelve.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
>
> *Circuit Judges*

---

R.S. O/B/O A.S., S.S. O/B/O A.S.,

      *Plaintiffs-Appellants*,

    v.                         11-1739-cv

LAKELAND CENTRAL SCHOOL DISTRICT,

      *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | GIULIA FRASCA, Law Office of Peter D. Hoffman, P.C., Katonah, New York. |
| **FOR DEFENDANT-APPELLEE:** | MARK C. RUSHFIELD, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, New York. |

Appeal from a judgment of the United States District Court for Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-Appellants R.S. and S.S., on behalf of their child, A.S. (together, "Plaintiffs"), appeal from an order of the District Court entered March 31, 2011, granting summary judgment to Defendant-Appellee Lakeland Central School District ("the District") on Plaintiffs' claim for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* In the District Court, Plaintiffs sought review of decisions by an Impartial Hearing Officer ("IHO") and a State Review Officer ("SRO") each denying their claim for tuition reimbursement for the private school in which they enrolled A.S. after unilaterally determining that the District had failed, in its Individualized Education Plan ("IEP") for A.S., to offer a free appropriate public education ("FAPE"), as required under the IDEA. We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues on appeal.

We review *de novo* a grant of summary judgment by a district court in an IDEA case. *A.C. ex. rel. M.C. v. Bd. of Educ. of Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009). In doing so, we recognize that "the role of the federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'" *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (quoting *Muller v. Comm. on Special Educ.*, 145 F.3d 95, 101 (2d Cir. 1998)). "Although the district court must engage in an independent review of the administrative record and make a determination based on a 'preponderance of the evidence,' . . . such review 'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review.'" *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191–92 (2d Cir. 2005) (quoting *Mrs. B. v. Milford Bd. of Educ.*, 103 F.3d 1114, 1120 (2d Cir. 2005); *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)). We are thus required to "give 'due weight' to [the administrative] proceedings, mindful that the judiciary generally 'lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *A.C. ex rel. M.C.*, 553 F.3d at 171 (alterations in original) (quoting *Gagliardo*, 489 F.3d at 113). This is especially true where the decisions of the IHO and SRO have been thorough and careful, and when the district court's decision is based solely on the administrative record. *See Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998).

Having undertaken a *de novo* review of the record in this case, as well as the arguments of the parties, we affirm the judgment of the District Court for substantially the reasons stated in its Memorandum and Order of March 30, 2011. *See R.S. & S.S. o/b/o A.S. v. Lakeland Cent. Sch. Dist.*, No. 09 Civ. 9874, 2011 WL 1198458 (S.D.N.Y. Mar. 30, 2011).

## CONCLUSION

We have considered all of Plaintiffs' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk of Court